*1110 The opinion of the court was delivered by
McEnery, J.
This is a sequel of the suit of Liquor and Tobacco Company et als. vs. Jefferies et als, 45 An. 621.
The plaintiffs, making all the creditors parties as plaintiffs or defendants, instituted the present action to annul the respite granted to the debtor, Jefferies. Some of the parties plaintiff were plaintiffs in suit of Tobacco Company vs. Jefferies, reported in 45 An. 621. As to these creditors who were plaintiffs in that suit, the matters disposed of in the same are res judicata.
As the same facts are alleged to avoid the payments made to the defendant creditor by Jefferies, the respite debtor, we need only refer to that suit to render herein the same decree as in that suit against the additional complaining creditors.
The amount of cotton shipped to Chaffe, Powell & West was in the ordinary course of business; the business which the creditors, parties to the respite, permitted the debtor to carry on and conduct in order, within the delays granted, to pay his indebtedness.
Utz & Boney, were privileged creditors, and by consenting to the respite did not waive their privileges or postpone the payment of the special privilege they had on the effects surrendered. R. C. C. 3095.
In Bennett vs. Creditors, 45 An. 1019, a similar question was presented. In that case, on rehearing, we said: “The proceeds of the sale of this cotton could not be ratably, as contended for by opponents, applied to the payment of all the debts. By granting the respite the creditors do not relinquish the privilege and pledge they may have on particular property of Mrs. Bennett at any time after the respite was granted; in fact she was bound under agreement to turn the cotton or its proceeds over to the furnisher of supplies. The furnisher of supplies had a right to the proceeds of the sale sufficient to pay his privileged debt. The surplus only could be ratably applied to the payment of the other creditors. Opponents were in no way injured by the disposition of the cotton.”
In the instant case the respite debtor was a merchant. He had rented property from Utz & Boney, to carry on his business. The rent was payable by the month and the rent had been regularly paid. The lease had some time to run, and the rent was paid monthly as before the respite. When these privileged creditors unnecessarily consented to the respite there was no judicial contract *1111 springing from the same that they should postpone the collection of rent yet to become due. The places leased were necessary for the debtor to carry on his mercantile pursuits, and by consenting to the respite, and to the carrying on of these pursuits the creditors necessarily consented to the continuance of the lease and the pay-. ment of its price.
This suit, in addition to the averments made in the tobacco company suit, asks that a certain judgment obtained by Ohaffe, Powell & West against the respite debtor be annulled, and the property seized under it be applied to the payment of the debts due the complaining creditors, thus ignoring the claims of other creditors.
So far as the suit is instituted for the purpose of annulling the order granting the respite, the plaintiffs are estopped by Art. 8092 of the Civil Oode, which says that the opposition to the homologation of the order must be made within ten days, in writing, dating from that on which the prooes verbal of the deliberations of the creditors was returned to the clerk’s office. After this delay has expired the creditors are forbidden to interfere with the order or to urge any fact which would have been effectual in setting aside the order if presented in time.
It has been frequently stated by this court that the respite is a judicial contract between the debtor and the creditors, and among the creditors. Therefore no creditor can make any agreement or contract with the debtor, by which he can secure an undue advantage over the others, and the debtor must so conduct his affairs as to preserve equality among the creditors. Any act of his in violation of the contract resulting from the respice is a fraud, and ipso facto turns the respite into insolvent proceedings, a cession of goods for the benefit of the creditors, as though it had been offered in the first instance. It is to be assimilated to a case in which the respite is re - fused by the creditors. O. C., Art. 8098.
The contract by this fraud is ended, and the respite stands as though it had been offered to the creditors and refused. That this course, in such a contingency, is the proper one to pursue is clearly outlined in the ease of Tobacco Company vs. Jefferies, 45 An. 622.
It does not appear from the proces verbal that Chaffe, Powell & West were summoned to attend the meeting of creditors by letter, in accordance with law. They say under oath that they were never notified. But the record shows that they were awar.e of the con *1112 templated proceedings for a respite, and in a letter to Jefferies, the debtor, declined to participate in the meeting for fear of losing certain privileges which they held on the property of the debtor’s wife, in Mississippi. Bnt they informed the debtor that, if the other creditors granted time to him, they would acquiesce and also delay the enforcement of their claims. The property in Mississippi paid some six thousand dollars on Ohaffe, Powell & West’s debt, and for the balance, say five thousand dollars, they sued their debtor, obtained judgment, without opposition on his part, and seized the property surrendered, which was enjoined by the creditors. The testimony in the record shows that this judgment was obtained through the connivance of Jefferies, with his consent, and evidently for the purpose of giving Chaffe, Powell & West an advantage over other creditors.
Under these circumstances, to all intents and purposes, Chaffe, Powell & West were parties to the respite.
It would be inequitable and unjust, and would in fact practically annul the benefit of a respite, to permit a creditor to arrange with his debtor for non-participation, and, possibly, through his efforts, to escape summons in the respite proceedings, and thus obtain a judgment by consent of the debtor and execute it against the property surrendered. The evidence justifies us in believing that such was the case here.
The complaining creditors pray that the proceeds of the sale of the property be applied to the payment of their several and individual debts. Prom what has been said above, it is evident that the prayer can not be granted. No creditor can seek an advantage not common to all. Through the efforts of individual creditors, whatever property of the insolvent debtor is recovered and restored to his estate must inure to the benefit of all the creditors. Gumble vs. Andrus, 45 An. 1081; McGraw vs. Andrus, 45 An. 1073; Andrus vs. Creditors, 45 An. 1067; Anderson vs. Duson, 35 La. An. 915; Hayden vs. Yale & Bowling, 45 An. 362.
The evidence shows that the debtor has violated the contract of respite, and ipso facto committed an act of insolvency, and as such insolvent, he no longer has the right to administer his property, and it must pass to his creditors. In addition, he has absconded and abandoned his property.
The plaintiffs contend, under these circumstances, they are unable *1113 to force the debtor into insolvency. The fraudulent acts themselves, ipso facto, forced him into insolvency, and it is only requisite for the court to appoint a syndic to administer the property. Revised Statutes, 1810. The court has power to issue all conservatory writs to protect the estate. 42 An. 71.
The amounts due for clerk hire are established, and they should be paid as general privilege debts.
Complaint is made by plaintiffs of costs paid by the .sheriff, and the illegal disposition of a twelve months’ bond by seizure and sale.
These matters can be adjusted in the settlement of the insolvent’s estate. The facts before us are not sufficient to warrant a decree respecting them.
The injunction restraining the execution of the judgment of Chaffe, Powell & West against the property of Jefferies has served its purpose and there is no reason for a formal decree in reference thereto. The proceeds of the sale of the property not legally disposed of will be turned into the insolvent’s estate.
We see no reason why we should disturb the judgment of Chaffe, Powell & West against Jefferies. We will only correct it so far as it affects the rights of the creditors of the insolvent in the seizure made of- his property surrendered on his schedule.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and the seizure made under the judgment of Chaffe, Powell & West be set aside and the property restored to the estate of the insolvent debtor. It is further ordered that this case be remanded and proceedings therein continue as if the cession had been offered in the first instance by the defendant Jefferies. It is further ordered that payments be made and proceedings conducted as herein stated. The insolvent’s estate to pay all costs.
Rehearing refused.